# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:16-CV-142-MOC-DSC

| | |
|---|---|
| **Nichia Corporation,**<br><br>    Plaintiff,<br><br>  v.<br><br>**Lowe's Companies, Inc., Lowe's Home Centers, LLC, and L G Sourcing, Inc.,**<br><br>    Defendants. | **STIPULATED PROTECTIVE ORDER** |

  WHEREAS, Plaintiff Nichia Corporation ("Nichia") and Defendants Lowe's Companies Inc., Lowe's Home Centers, LLC, and L G Sourcing, Inc. ("Lowe's"), hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information; and

  WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

  THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

  1.  Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the

Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The phrase "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material.

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order, including any documents reproduced in these proceedings from other cases, with the designation "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is re-designated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIAL shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL – ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon. Designating Party shall, upon request of the Receiving Party, specifically identify the confidential portions of any pleading or other document filed under seal with the Court, written discovery response, or any exhibits thereto, or alternatively provide the Receiving Party with a redacted non-confidential version thereof. The Designating Party shall have five (5) business days to comply with such a request.

     5.     "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Designating Party, upon prior order of the Court, or as set forth in paragraph 11 herein:

     (a)     outside counsel of record in this Action for the Parties;

     (b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

     (c)     outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action or by a known or identified competitor of any of the

Parties; and (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae (or its available equivalent) of the consultant or expert, and a list of all litigations and administrative proceedings in which he or she has either written an expert report or given testimony at trial, a hearing, a deposition, or by written submission in the previous five (5) years (the "Notice"). The Notice must be received at least five business (5) days before access to the Protected Material is to be given to that consultant, to provide an opportunity for the Producing Party to notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the Party seeking to disclose DESIGNATED MATERIAL may file a motion with the Court. The objecting Party shall have the ultimate burden of proving that such disclosure is not appropriate. No disclosure shall occur until all such objections are resolved by agreement or Court order. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment, attached as Appendix A hereto, that he or she has received a copy of, has read, and has agreed to be bound by this Order;

    (d)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(e) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7. DESIGNATED MATERIAL shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIAL and subject to all of the terms and conditions of this Order.

8. Any person associated with a Party who is permitted to receive the other Party's or a Third Party's DESIGNATED MATERIAL, who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's or a Third Party's DESIGNATED MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application or the amendment of any patent claim in any proceeding whatsoever, excluding post-grant proceedings such as *Inter Partes* Review, pertaining to the field of the invention of the patent-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to DESIGNATED MATERIAL and any individuals who prepare, prosecute, supervise or assist in

the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  For the avoidance of doubt, nothing in this provision shall preclude any person who reviews or otherwise learns the contents of, in whole or in part, the other Party's DESIGNATED MATERIAL under this Order from participating in any post-grant proceeding, such as *Inter Partes* Review, on behalf of an entity attempting to invalidate or defend the validity of a patent.  Nothing in this Section shall prevent any attorney from sending non-confidential prior art to an attorney involved in patent prosecution for purposes of ensuring that such prior art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.  The Parties expressly agree that the Prosecution Bar set forth herein shall be personal to any attorney who reviews DESIGNATED MATERIAL and shall not be imputed to any other persons or attorneys at the attorneys' law firm.

9.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and also applies to all documents and materials produced prior to entry of this order.  For the avoidance of doubt, the provisions of this Paragraph 9 do not relieve the parties of their obligations to prepare a full and accurate privilege log with respect to their document productions.  Any Party that produces documents, information or other material it reasonably believes are protected under the attorney-

client privilege, work product doctrine, or other privilege or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) of such documents, information or other material and providing a privilege log for the documents, information or other material within one week of such notification. The recipient(s) shall gather and destroy all copies of such documents, information or other material and certify such to the producing Party. For the avoidance of doubt, any such documents may not be used by the Receiving Party for any purpose.

10. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

11. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on their examination of DESIGNATED MATERIAL; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as permitted by this Order or by prior written agreement with opposing counsel.

12. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who: (i) is eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party, (ii) is identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or

copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) is a current or former officer or director of the producing Party or a current; (v) is outside counsel for a Party; (vi) is an independent contractor, consultant, and/or expert retained for the purpose of this litigation who has complied with the provisions set forth in Paragraph 5(c); (vii) are court reporters and videographers; (viii) is the Court; or (ix) are other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

13. Parties may, at the deposition or hearing or within ten (10) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 10-day period, the entire deposition or hearing transcript shall be treated as DESIGNATED MATERIAL.

14. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court to the extent required by the Local Rules.

15. The Order applies to pretrial discovery. Prior to the introduction of any DESIGNATED MATERIAL by a Party in a hearing, trial, or other proceeding, the Party seeking to disclose DESIGNATED MATERIAL shall confer with the Designating Party, to the extent that the Party seeking to disclose and the Designating Party differ. Any Party seeking to preserve the confidentiality of the DESIGNATED MATERIAL may request that the Court exclude from the courtroom any person who is not entitled under this Order to receive DESIGNATED MATERIAL and/or may request that the transcript be marked appropriately.

16. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the Designating Party does not agree to re-designation within five (5) business days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the Designating Party to show why its classification is proper. Pending the Court's determination of the application, the designation of the Designating Party shall be maintained.

17. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

18. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The provisions of this Order regarding the designating of materials shall govern Third Parties agreeing to be bound by this Order.

19. If a Third Party, court, or administrative agency subpoenas, orders, or requests pursuant to Fed. R. Civ. P. 34 (or equivalent rule) production of DESIGNATED MATERIAL that a Party has obtained under the terms of this Order, such Party shall promptly and in any case within five (5) business days of receipt of such subpoena, order, or request (but in no event later than the time for production of such material) give written notice to counsel for the Designating Party, identifying the DESIGNATED MATERIAL sought and enclosing a copy of the subpoena, order, or request. The Receiving Party shall not produce the DESIGNATED MATERIAL for at least five (5) business days after providing the required notice to the Designating Party. If, within five (5) business days of receiving such notice, the Designating Party provides written notice to the Receiving Party that it opposes production of its DESIGNATED MATERIAL, the Receiving Party shall not thereafter produce such DESIGNATED MATERIAL, except pursuant to a court order or other order that subjects the Receiving Party to penalties for noncompliance. The Receiving Party shall be solely responsible for asserting any objection to the requested or required production. Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this order to object to, challenge, or appeal any such subpoena, order, or request seeking or requiring production, subject itself to penalties for noncompliance, or seek any relief from any court or administrative agency.

20. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The Receiving Party shall verify the return or destruction by affidavit furnished to

the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel for the Parties are permitted to retain one (1) working copy of all pleadings and discovery containing any DESIGNATED MATERIAL.

21. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

22. This Order is binding on all Parties to this action, any persons who receive DESIGNATED MATERIAL, and all non-parties who elect the protections of this Order, and shall survive any settlement, discontinuance, stay, dismissal, judgment, or other disposition of this action. This Order shall remain in force and effect until modified, superseded, or terminated by further order of the Court.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof)

produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**SO ORDERED**. Signed: April 6, 2018

David S. Cayer
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

| THE VAN WINKLE LAW FIRM | RAYBURN COOPER & DURHAM, P.A. |
|---|---|
| */s/ Larry S. McDevitt* | */s/ James B. Gatehouse* |
| Larry S. McDevitt | James B. Gatehouse |
| David M. Wilkerson | (N.C. Bar No. 22811) |
| lmcdevitt@vwlawfirm.com | 227 W. Trade St. Suite 1200 |
| dwilkerson@vwlawfirm.com | Charlotte, NC 28202-1672 |
| 11 North Market Street | Telephone: (704)334-0891 |
| Asheville, NC 28801 | Facsimile: (704)377-1897 |
| Telephone: (828) 258-2991 | Email: bgatehouse@rcdlaw.net |
| Fax: (828) 255-0255 | |
| | SILL CUMMIS & GROSS P.C. |
| Kenneth A. Gallo | Trent S. Dickey (*Pro Hac Vice*) |
| kgallo@paulweiss.com | Scott D. Stimpson (*Pro Hac Vice*) |
| David E. Cole | Tod M. Melgar (*Pro Hac Vice*) |
| dcole@paulweiss.com | 101 Park Avenue, 28th Floor |
| | New York, NY 10178 |

PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006-1047
Telephone: (202) 223-7300
Fax: (202) 223-7420


Catherine Nyarady
enyarady@paulweiss.com
Daniel J. Klein
daklein@paulweiss.com
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: (212) 373-3000
Fax: (212) 757-3990

*Attorneys for Plaintiff
Nichia Corporation*

Tel. (212) 500-1550
Fax (212) 643-6500
tdickey@sillscummis.com
sstimpson@sillscummis.com

*Attorneys for Defendants Lowe's
Companies, Inc., Lowe's Home Centers,
LLC, and L G Sourcing, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
CIVIL ACTION NO. 5:16-CV-142

| | |
|---|---|
| **Nichia Corporation,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**Lowe's Companies, Inc., Lowe's Home Centers, LLC, and L G Sourcing, Inc.,**<br><br>　　　　　　Defendants. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS**
**REGARDING PROTECTIVE ORDER**

　　I, _____ declare that:

　　1. My address is _____

　　2. My current employer is _____

　　3. My current occupation is _____

　　4. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

　　5. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is disclosed to me.

6. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Action.

I declare under penalty of perjury that the forgoing is true and correct.

Signature _____

Date: _____